UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BARAJAS,<br><br>        Petitioner,<br><br>    v.<br><br>TIM V. VIRGA,<br><br>        Respondent. | Case No. 1:13-cv-00306-SKO-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND THE NAME OF RESPONDENT (DOC. 16)<br><br>INFORMATIONAL ORDER TO PETITIONER<br><br>ORDER TO PETITIONER TO FILE A NOTIFICATION OF CURRENT ADDRESS NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF THIS ORDER |

    Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on April 26, 2013, and on behalf of Respondent on July 2, 2013.

    Pending before the Court is the Petitioner's motion to amend the petition to name David B. Long, Warden, as Respondent on the

1

ground that Long is the warden of the Ironwood State Prison, the institution to which Petitioner was transferred in June 2013. However, Petitioner's address on the docket reflects that Petitioner is housed at California State Prison at Sacramento; Petitioner has not filed a notification of change of address to Ironwood State Prison.  Accordingly, the motion to amend the petition to name the warden at the Ironwood State Prison is DENIED.

Petitioner is INFORMED that pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

Accordingly, Petitioner shall SERVE on Respondent and FILE in this Court no later than thirty (30) days after the date of service of this order a notification of his current address.  Petitioner is INFORMED that a failure to comply with this order will result in

dismissal of the petition for failure to prosecute and failure to comply with an order of the Court.

IT IS SO ORDERED.

Dated: **September 18, 2013**                **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE