# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BARAJAS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TIM V. VERGA,<br><br>　　　　　Respondent. | Case No. 1:13-cv-00306-SKO  HC<br><br>ORDER DENYING THE PETITION<br>FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The sole ground for the petition is ineffective assistance of trial counsel.

## I.   Procedural Background[2]

On March 24, 2010, a jury in the California Superior Court for the County of Kern convicted Petitioner of two counts of first degree robbery within an inhabited dwelling (Cal. Penal Code § 212.5(A)); first degree burglary (Cal. Penal Code § 460(A)); two counts of assault with a semi-automatic firearm (Cal. Penal Code § 245(B)); false imprisonment of an elder adult (Cal. Penal Code § 368(F)); theft from an elder adult (Cal. Penal Code § 368(D)); false imprisonment (Cal. Penal

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.
[2] The following information is derived from the pleadings in this case and from state court records lodged by Respondent with his response.

1

Code § 236); resisting arrest by use of force (Cal. Penal Code § 69); and active participation in a criminal street gang (Cal. Penal Code § 186.22);[. The jury found multiple sentencing enhancements to be true. On December 10, 2010, the trial court sentenced Petitioner to a total determinate prison term of twenty years and eight months.

Petitioner filed an appeal[3] to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment on May 8, 2012. Petitioner did not file a petition for review by the California Supreme Court.

On July 2, 2012, Petitioner filed a state habeas petition in Kern County Superior Court, alleging a single claim of ineffective assistance of counsel arising from his trial attorney's failure to object to hearsay testimony of David Prince regarding several statements made by Zeus Sanchez in the course of the robbery. The superior court denied the petition on August 8, 2012. On August 30, 2012, Petitioner filed a state habeas petition in the Fifth Appellate District Court, which denied the petition on September 6, 2012. Petitioner filed a habeas petition with the California Supreme Court on September 14, 2012. The California Supreme Court denied the petition on November 20, 2012.

On February 25, 2012, Petitioner filed a petition for writ of habeas corpus in this Court; Respondent answered on September 5, 2013. Petitioner did not file a traverse.

## II.   Factual Background[4]

>  For a period of roughly six months, approximately 10 to 12 years prior to trial, [Petitioner] lived with David and Barbara Prince as a foster child. David was a gun collector and has a gun safe in his house; [Petitioner] was aware, when he lived with the Princes, that David had guns. [Petitioner's] foster child relationship with the Princes ended when, at about age 15, he decided he no longer wanted to live with the Princes and moved back to Los Angeles.
>
>  On April 26, 2009 (April 26), David was 72 years old. He was at home that day, in the kitchen, when a person both David and Barbara later identified as Zeus Sanchez entered the house through an open door, put a gun to David's head, grabbed him by the back of the shirt, and ordered him to get down on the floor.

---

[3] Petitioner's appellate attorney filed an opening brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979), requesting that the appellate court independently review the entire record of appeal. *See* Lodged Doc. 2.
[4] The factual background, taken from the opinion of the state appellate court (*People v. Barajas*, 2012 WL 1595120 at *3-5 (A.D. May 8, 2012) (No. F061549)), is presumed correct. 28 U.S.C. § 2254(e)(1).

David complied. Barbara, who was in another room, heard Sanchez, at which point she turned and saw him. He pointed the gun at her and told her to get down on the floor; she too complied. David testified Sanchez said "he had his boys in the house," they were "going through the house," and "they wouldn't be there very long." Barbara could hear someone opening drawers and ransacking the house. She testified that Sanchez "made several references to other people in the house . . . ." Barbara also testified that Sanchez "tried to take" rings she was wearing, but she" told him to stop and not touch [her]" and took the rings off herself.

At some point thereafter, Sanchez asked David where the guns were. David told him they were in a safe in the garage. Sanchez grabbed David by the shirt, got him to his feet, and, pointing the gun at David, walked him to the garage. There, Sanchez demanded that David open the safe, but David told him the safe belonged to his son and he did not have the combination. At that point, David testified, Sanchez became "upset" and "started bouncing [David] off the safe or off the garage door wall." Sanchez then grabbed David by the back of the neck and, holding the gun to David's head, walked him back to the kitchen.

While David and Sanchez were in the garage, Barbara noticed her cell phone was lying on a table in the living room. She grabbed the phone and called 911.

Sanchez and David returned to the kitchen, at which point Sanchez made David and Barbara lie face down on the ground and tied their hands with an electrical cord. At that point, Sanchez made a call on a cell phone and, Barbara testified, stated that "they were done and it was time to go." Sanchez then left the room, and shortly thereafter, the Princes heard the front door close.

On April 26, City of Bakersfield police officers went to the Prince's home in response to a report of a home invasion robbery. As officers approached the house, Zeus Sanchez came out of the house and began running. Officers ordered Sanchez to stop, he did so, and as he was raising his arms in response to a directive from the officers, a loaded semi-automatic pistol fell from the area of his waistband onto the ground. Officers took Sanchez into custody.

Officer Sean Underhill saw Sanchez being taken into custody, and shortly thereafter, saw Petitioner walk out the front door of the house. [Petitioner] began walking away but when he saw police cars, he turned and began running. Officers gave chase, apprehended [Petitioner] and, after a struggle, succeeded in taking him into custody. Officer Underhill searched [Petitioner's] pockets and, in [Petitioner's] front pants pocket, found David's wallet.

After officers took [Petitioner] and Sanchez into custody, a duffel bag belonging to David, filled with items belonging to him, was found in the family room.

*People v. Barajas*, 2012 WL 1595120 at *3-5 (A.D. May 8, 2012) (No. F061549) (*footnotes omitted*).

The parties do not dispute jurisdiction, venue, or service.

## III.  Standard of Review

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption

///

4

that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### IV.     Ineffective Assistance of Trial Counsel

Petitioner contends that he received ineffective assistance of counsel when his defense attorney did not object to David Prince's testifying to statements made by Zeus Sanchez in the course of the robbery, which Petitioner contends was hearsay.

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of

trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

In the state habeas proceedings, both the Fifth Appellate District Court and the California Supreme Court summarily denied Petitioner's ineffective-assistance-of-counsel claim. Accordingly, the last reasoned decision was that of the Kern County Superior Court:

> To prevail in a claim of ineffectiveness of counsel, petitioner must show that counsel's conduct fell below professional norms causing prejudice. In the absence of such prejudice, it would be probable that a more favorable outcome would result. *Strickland v. Washington (1984) 466 U.S. 668, 694, 697.*
>
> Generally, failure to object to inadmissible evidence is ineffective assistance of counsel. *People v. Gonzalez (1990) 51 Cal.3d 1179, 1216.* However, counsel need not make unmeritorious objections. *Knowles v. Mirzayance (2009) 556 U.S. 111, 125.*
>
> Since the testimony of David Prince was admissible on both hearsay and non-hearsay exceptions, and the testimony of Officer Yoon was admissible under the above-mentioned hearsay exceptions, there was no error by counsel.
>
> Even assuming arguendo that the testimony of both witnesses were inadmissible, there was sufficient evidence to sustain the conviction due to the apprehension of both co-defendants, the in-court and out-of-court identification, as well as the seized evidence from the robbery.

Lodged Doc. 5: *Barajas v. Virga* at *5 (Cal.Super.Ct. Aug. 8, 2012) (No. HC013161A).

When a petitioner challenges a state court's application of governing federal law, such as the *Strickland* test, he must demonstrate that the Court's action was not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). In this case, Petitioner's

misunderstanding of the rules of evidence governing hearsay led him to misinterpret the absence of an objection as error. In fact, Mr. Prince's testimony was not hearsay in that it was not offered for the truth of the matters stated but as a means of explaining his actions in the greater context of the incident in his home that gave rise to the criminal charges against Petitioner. As a result, Sanchez's statements explained Prince's actions—first, lying on the living room floor under Sanchez's guard; then, proceeding to the garage where the gun safe was located; and finally, submitting to being tied up with electrical cord and remaining still in the living room until he heard Sanchez close the front door behind himself. Prince testified that he complied with Sanchez's commands in fear for his life and expecting that he would be shot at any minute. As a result, admission of Mr. Prince's testimony did not constitute hearsay.

Even if Prince's testimony were hearsay, the trial court held that Sanchez's statements were admissible under the state of mind exception of California Evidence Code § 1250. The statements to which Prince testified indicated Sanchez's intent or plan to ransack the Prince's home and to steal Mr. Prince's guns, the cooperation of Sanchez's "boys" in the planned crime, and his intent to please his "people," the street gang.

Because the state court's application of U.S. Supreme Court precedent was objectively reasonable and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent, this Court may not grant the writ based on ineffective assistance of counsel.

**V.      Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

///

7

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

  (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B)  the final order in a proceeding under section 2255.

   (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

///

## VI. Conclusion

The Court hereby DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court declines to issue a certificate of appealability.  The Clerk of Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:   **June 30, 2015**                              **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE